PENNSYLVANIA R. CO. v. ROPNER et al.

VULCANITE PAVING CO. v. SAME.

(Circuit Court, E. D. Pennsylvania. December 18, 1900.)

Nos. 76, 77, April Sess., 1899.

SHIPPING—NEGLIGENT NAVIGATION—PRESUMPTION.

The collision of a steamship with a pier raises a presumption of negligence in the navigation of the vessel.

On Motion for New Trial.

Frank P. Prichard and Hampton Todd, for plaintiffs.
Henry R. Edmunds and I. Parker Kirlin, for defendants.

J. B. McPHERSON, District Judge. I think the defendants are mistaken in their criticism of that part of the charge to the jury that deals with the presumption of negligence and the burden of proof. The instruction complained of concerning the presumption of negligence arising from the collision of the steamship with the pier is based on Coasting Co. v. Tolson, 139 U. S. 554, 11 Sup. Ct. 653, 35 L. Ed. 270, and follows that decision as an authority. With regard to the burden of proof, I am unable to agree that the charge did the defendants injustice. It is argued that the effect of what the court said was to require them to prove that they had not been negligent; but I think the argument must be founded upon a misunderstanding of the charge. Instead of requiring this, the plaintiffs were obliged to bear the burden. The final instruction and summary upon this point was as follows:

"Upon all the evidence taken together,—when I say 'all the evidence,' I mean all the evidence on both sides,—including the prima facie evidence of negligence offered by the plaintiffs, and the explanatory evidence offered by the defendants, the jury must determine whether the fair weight of the evidence is with the plaintiffs, and sustains their charge that the defendants were negligent. If it does, the plaintiffs are entitled to recover. If it does not, if there is an even balance, so that the jury cannot find that the defendants were negligent, after considering all the evidence on both sides, including the prima facie evidence of the plaintiffs to which I have referred, and the explanatory evidence of the defendants, the verdict must be for the defendants."

This seems to me to be sufficiently clear, and to answer the complaint that the burden of proof was erroneously laid on the defendants' shoulders.

With regard to the defendants' liability for the negligence of the pilot, associated, as it was, with the negligence of the captain, I have only this to say: If the question arises properly upon the special verdict, the point is one that has been long disputed, and can only be settled by a decision of the court of appeals or of the supreme court. I have therefore less hesitation in merely deciding formally that the defendants are thus liable, in order that a writ of error may be taken in season for the next meeting of the court of appeals; for I admit

that, owing to the pressure of business, I have not been able to give to this question the examination and consideration that its importance would otherwise deserve.

A new trial is refused.